UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                  Case No. 10-13405

PHILLIP FREDERICK,                        HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 4)[1]

### I. Introduction

This is a student loan case.[2] Plaintiff, the United States of America ("the government") sued defendant Phillip Frederick, who is proceeding pro se, claiming that he defaulted on a government guaranteed student loan. The government seeks a judgment in the amount of $70,965.79, representing the principle amount plus interest.

Before the Court is defendant's motion to dismiss the complaint on the grounds that (1) the complaint is time barred and (2) the debt was discharged when defendant filed for bankruptcy. For the reasons that follow, the motion is DENIED.

### II. Background

In 1995, defendant signed a promissory note to secure a Federal Family

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]On December 16, 2010, this case was reassigned to the undersigned pursuant to Administrative Order 10-A0-036. (Doc. 5).

Education Loan Program Consolidation Loan for $35,166.34, with a seven percent yearly interest. The loan was disbursed in 1996. Smart Loan guaranteed the loan and the Department of Education ("Department") reinsured it.

In 1997, defendant defaulted on the loan. Smart Loan paid a claim in the amount of $37,457.82 to the holder, and was reimbursed by the Department. Because Smart Loan paid the defaulted loan, it became the principal and responsible for the full amount of the loan. In 2003, Smart Loan transferred its interest in the loan to the Department, which later turned the matter over to the Department of Justice for collection.

### III.  Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S.544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

## IV. Analysis

### A. Statute of Limitations

Defendant argues that the complaint must be dismissed because it is time barred, having been filed 13 years after the default. The government says that there is no statute of limitations on collecting a federally-guaranteed student loan.

The government is correct. In 1991, Congress amended 29 U.S.C. § 1091a to specifically eliminate the statute of limitations. Section 1091a provides that "no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by...." the guarantor who wants to be repaid for the defaulted loan. 20 U.S.C. § 1091a(2)(B). Courts have held that this amendment does not violate due process rights of students or debtors and it has been found constitutional. See United States v. Brown, 7 Fed. Appx. 353 (6th Cir. 2001)(citing United States v. Hodges, 999 F.2d 341, 342 (8th Cir. 1993)), United States v. Glockson, 998 F.2d 896, 898 (11th Cir. 1993); United States v. Distefano, 279 F.3d 1241, 1244 (10th Cir. 2002). Moreover, the elimination of the statute of limitations extends to eliminate the equitable defense of laches. See United States v. Lawrence, 276 F.3d 193 (5th Cir. 2001).

Here, defendant defaulted in 1997, well after the 1991 amendment. Thus, there is no time limit for which the government can bring a collection action against defendant.

Moreover, defendant's argument that Michigan's six-year statute of limitations for breach of contract actions, M.C.L. § 600.5807, applies is misguided. This is a student loan collection action which is governed by federal law, not Michigan law. As explained

above, there is no federal statute of limitations. Accordingly, the complaint is not subject to dismissal on this ground.

### B. Defendant's Bankruptcy

Defendant next argues that the complaint must be dismissed because the student loan was discharged when he filed for bankruptcy. To discharge a student loan in a bankruptcy proceeding, a finding of undue hardship is necessary, under 11 U.S.C. § 523(a)(8)(B).[3] "The Bankruptcy Rules require the debtor to file an 'adversary proceeding' against the holder of the student loan debt to make such a showing." In re Hanson, 397 F.3d 482, 484 (7th Cir. 2005) (citing Fed. R. Bankr. P. 4007(d), 7001(6); Tennessee Student Assistance Corp v. Hood, 541 U.S. 440 (2004)). An adversary proceeding must be filed seeking an order declaring the loan to be dischargeable; such a proceeding begins with a summons and a complaint. See In re Pierre, 12 B.R. 693 (Bankr. S.D. Fla. 1981).

Here, as the government points out, defendant filed a Chapter 7 proceeding in 2000 and received a discharge on December 26, 2000. However, and significantly, defendant did not file an adversary proceeding in his bankruptcy case in order to have a specific finding of undue hardship and discharge his student loan. As such, defendant's debt was not discharged or otherwise affected by his bankruptcy petition.

Moreover, defendant's reliance on In re Hanson, 397 F.3d 482 (7th Cir. 2005) is

---

[3]"A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt...unless accepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents for...any other education loan that is a qualified education loan... incurred by a debtor who is an individual." 11 U.S.C. § 523(a)(8)(B).

misplaced.  In Hanson, the Seventh Circuit held that an order discharging a student loan debt in a Chapter 13 case, which was entered in error because there had been no adversary proceeding and finding of undue hardship, was void.  As such, the creditor was able to pursue the student loan debt.  The holding was based on the notion that due process required compliance with the notice provisions of the Bankruptcy Rules.  While this holding actually supports the government's position that an adversary proceeding is required, In re Hanson was abrogated by the Supreme Court's decision in United Student Aid Funds, Inc. v. Espinosa, --- U.S. ----, 130 S.Ct. 1367 (2010).  In Espinosa, the Supreme Court held that a creditor can lose its right to an adversary proceeding by failing to object, at least where it received reasonable or actual notice. Espinosa clarified that the Bankruptcy Rules are procedural rules, Id. at 1378, and therefore overruled Hanson's holding that constitutional due process required compliance with notice provisions in the Rules.

As the government points out, this case is not like Espinosa.  In Espinosa, the debtor's petition contained a proposal to repay only the interest on his student loans.  While the debtor did not file an adversary proceeding, the creditor received notice of debtor's proposed plan and filed a proof of claim for the full amount of the student loan.  The creditor, however, failed to object to the plan's proposal absent a finding of undue hardship or the debtor's failure to file an adversary proceeding.  The Chapter 13 plan was confirmed and the debtor received a discharge of the student loans.  The Supreme Court held that the creditor's later attempt to set aside the discharge via a motion for relief from judgment failed, in part based on the fact that the creditor did have notice of the discharge and did not object in the Chapter 13 proceedings to any irregularities.

5

Here, unlike <u>Espinosa</u>, defendant filed a Chapter 7, not a Chapter 13, petition which did not detail or disclose his intent to discharge his student loans.  Simply put, the government had no notice of defendant's intent to discharge his student loans.  As such, the government was free to file this action nothwithstanding defendant's bankruptcy.  The complaint is therefore not subject to dismissal based on defendant's bankruptcy.

The Case Manager shall issue a scheduling order.

SO ORDERED.


Dated:  February 3, 2011             s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Phillip D. Frederick, 19595 Argyle Crescent, Detroit, MI 48203 and the attorneys of record on this date, February 3, 2011, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                     Case Manager, (313) 234-5160