UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                       Case No. 10-13405

PHILLIP FREDERICK,                                 HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 11)[1]

I. Introduction

This is a student loan case. Plaintiff, the United States of America (the government) sued defendant Phillip Frederick, who is proceeding pro se, claiming that he defaulted on a government guaranteed student loan. The government seeks a judgment in the amount of $70,965.79, representing the principle amount plus interest.

Before the Court is the government's motion for summary judgment. For the reasons that follow, the motion will be granted.

II. Background

In 1995, defendant signed a promissory note to secure a Federal Family Education Loan Program Consolidation Loan for $35,166.34, with a seven percent yearly interest. The loan was disbursed in 1996. Smart Loan guaranteed the loan and the Department of Education reinsured it.

In 1997, defendant defaulted on the loan. Smart Loan paid a claim in the amount

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

of $37,457.82 to the holder, and was reimbursed by the department.  Because Smart Loan paid the defaulted loan, it became the principal and responsible for the full amount of the loan.  In 2003, Smart Loan transferred its interest in the loan to the Department, which later turned the matter over to the government for collection.

The government then filed a complaint against defendant.  Defendant filed a motion to dismiss the complaint, arguing (1) the complaint was time barred and (2) the debt was discharged when defendant filed for bankruptcy.  The Court denied the motion. (Doc. 8).

### III.  Legal Standard

Under Rule 56, summary judgment should be granted when the moving party establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 451 (6th Cir.2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit." Hedrick, 355 F.3d at 451-52(citing Anderson, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. See Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 613 (6th Cir. 2003); Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." Hedrick, 355 F.3d at 451 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  To meet this

burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson, 477 U.S. 242, 252. Thus, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.

## IV.  Analysis

The government seeks summary judgment in its favor based on its claims that there are no genuine issues of material fact with respect to (1) the existence of the loan, (2) the amount that remains to be paid, or (3) defendant's obligation to pay it. To prevail on a claim of a defaulted student loan, the government must show that: (1) the defendant signed the note; (2) the government is the present holder of the note; and (3) the note is in default. See, e.g., U.S. v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001). Once the government establishes a prima facie case of student loan default, the burden then shifts to the defendant to produce evidence which proves the nonexistence, payment,

discharge, or deferment of the obligation. United States v. Johnson, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citations omitted).

Here, the government says that the promissory note establishes that on or about August 25, 1995, defendant signed a promissory note to secure a $35,166.34 Federal Family Education Consolidation loan from Sallie Mae, and the Certificate of Indebtedness and Affidavit establish that the government holds the rights to the note and that the Loan is in default. Thus, the government contends that the evidence of record shows that it has made out a claim for recovery as a matter of law.

Defendant filed a response to the motion. Defendant does not dispute that he applied for and was granted the loan or that the government is currently the holder of the loan. Rather, he says that the government is not entitled to summary judgment because (1) the remaining balance on the loan is in dispute, (2) a material dispute exists because he was not notified of any assignment of the loan, and (3) the loan was included in the repayment plan approved by the Bankruptcy Court and discharged in bankruptcy. Defendant's arguments are not well-taken.

First, with respect to the amount of the debt, the record clearly establishes that the loan was disbursed in the amount of $35,166.34 on December 12, 1996, at 7% interest per annum. The government's calculation of the amount currently owing, as of the time it filed its motion, of $70,965.79, includes applicable interest. While defendant disagrees with the interest calculation, he does not provide any evidence to support his assertion or otherwise show how the interest was improperly calculated. As such, he has not established a genuine issue of material fact concerning the amount owed on the loan.

The same is true of defendant's argument regarding the assignment of the loan. While defendant contends that a material dispute exists because he was not provided

with notice of the assignment of his loan, defendant offers no evidence to support this assertion. In short, he has not met his summary judgment burden.

Finally, the issue of whether the loan was discharged in bankruptcy has already been decided in the government's favor when the Court denied defendant's motion to dismiss. The Court found that the loan was not discharged in bankruptcy and that the government had a right to file this action. No further discussion on this point is necessary.

Overall, the government has met its burden to establish a claim against defendant. Defendant has not met his summary judgment burden of casting doubt on the government's evidence.

## V. Conclusion

For the reasons stated above, the government's motion is GRANTED. The government shall submit a proposed judgment against defendant for the principal sum of the loan ($35,166.34) plus accrued interest.

SO ORDERED.

Dated: July 1, 2011        S/Avern Cohn
                           AVERN COHN
                           UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 1, 2011, by electronic and/or ordinary mail.

                           S/Julie Owens
                           Case Manager, (313) 234-5160